UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ILYM SOLAR, LLC and JAMES SPANO, <br><br>                    Plaintiffs, <br><br> -against- <br><br> SOLAR FI ADVISOR, LLC d/b/a/ Sunrocket Capital, BRIAN SIDMAN, KEVIN ADLER, ALLEN FUNK, and RED OAK ADVISORS, LLC, <br><br>                    Defendants. | Case No. 1:24-cv-09310 (JLR) <br><br> **ORDER** |

JENNIFER L. ROCHON, United States District Judge:

"[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power." *Curley v. Brignoli, Curley & Roberts Assoc.*, 915 F.2d 81, 83 (2d Cir. 1990). Consistent with that proposition, Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

The present case involves an alleged breach of contract and subject matter jurisdiction is premised on diversity of citizenship, pursuant to Title 28, United States Code, Section 1332. Section 1332 requires "complete" diversity of citizenship, and it is well established that diversity "is not complete if any plaintiff is a citizen of the same state as any defendant." *St. Paul Fire & Mar. Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005). On December 9, 2024, the Court directed Plaintiffs to amend the Complaint by December 16, 2024, to allege the citizenship of each constituent person comprising the Plaintiff and Defendant LLCs as well as the citizenship of all individual parties; and warned that dismissal could result if Plaintiffs failed to do so. Dkt. 13.

On December 11, 2024, Plaintiffs filed an Amended Complaint that still does not plead facts sufficient to establish subject matter over this action. Dkt. 15 ("AC"). The Amended Complaint does not allege the citizenship of the individual parties, but instead alleges their residence. *See* AC ¶¶ 1, 4, 8-10. Although Plaintiffs state that "[t]he parties are diverse," *id.* ¶ 11, these allegations are not enough to establish diversity of citizenship. *See, e.g.*, *SBL Enters. LLC v. Keystone Cap. Corp.*, No. 21-cv-04459 (MKV), 2021 WL 2000365, at *2 (S.D.N.Y. May 19, 2021) ("[I]t is well-established that allegations of residency alone cannot establish citizenship." (quoting *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997))). An individual's citizenship is determined by the domicile of the individual, which is "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (quoting *Linardos v. Fortuna*, 157 F.3d 945, 948 (2d Cir. 1998)). "Domicile is not synonymous with residence; a party can reside in one place and be domiciled in another." *Kennedy v. Trs. of Testamentary Tr. of Will of Kennedy*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009) (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 47-49 (1989)). Because allegations of residency do not establish citizenship, "when parties allege residence but not citizenship, the court must dismiss the suit." *Vinas v. Briguglio*, No. 07-cv-00378 (CSH), 2007 WL 258178, at *2 (S.D.N.Y. Jan. 25, 2007) (quoting *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998)).

As a consequence, the Amended Complaint also insufficiently alleges the citizenship of the Plaintiff and Defendant LLCs. The Amended Complaint alleges the residence of each individual member of the LLCs, *see* AC ¶¶ 1-10, but, as discussed, does not allege their citizenship, nor does Plaintiff assert that there are no additional members of the party LLCs, other than the members identified in the Amended Complaint. An action premised upon

diversity of citizenship in which an LLC is a party must allege the *citizenship*, not the residence, of natural persons who are members of the LLC and must allege the citizenship of all members of the LLC. *See Penn-Star Ins. Co. v. CO/Action Specialty Ins. Grp.*, No. 23-cv-04995 (PKC), 2023 WL 4239078, at *1-2 (S.D.N.Y. June 28, 2023) (holding that complaint did not properly allege LLC citizenship when it pleaded residence, not citizenship, of individual LLC members). The Amended Complaint's allegations do not establish diversity of citizenship.

      The Court shall provide Plaintiff one final opportunity to plead facts sufficient to establish that this Court has subject matter over this dispute. By **December 23, 2024**, Plaintiff shall amend the Amended Complaint to properly allege the citizenship of all parties in this case, including all members of the Plaintiff and Defendant LLCs. Failure to do so will result in dismissal of the action for lack of subject matter jurisdiction without further notice to any party.

Dated: December 16, 2024
       New York, New York

                                          SO ORDERED.

                                          JENNIFER L. ROCHON
                                          United States District Judge