**FOLEY**

**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
WWW.FOLEY.COM

WRITER'S DIRECT LINE
212.338.3497
christopher.mcnamara@foley.com

March 17, 2025

**VIA ECF**
Hon. Jennifer L. Rochon
United States District Court, Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

> The requested is GRANTED. The initial pretrial conference is adjourned *sine die*.
>
> Date: March 17, 2025
>       New York, New York
>
> **SO ORDERED.**
>
> *Jennifer Rochon*
> **JENNIFER L. ROCHON**
> **United States District Judge**

Re: *Spano et al v. Solar Fi Advisor, LLC d/b/a SunRocket Capital et al,* No. 24-cv-09310 (JLR) (the "**Action**")

Dear Judge Rochon:

We submit this letter on behalf of Defendants Kevin Adler and Allen Funk to request an adjournment of the initial pretrial conference currently scheduled to take place on March 25, 2025, at 10:30 a.m.

In this Action, Plaintiffs ILYM Solar, LLC and James Spano ("Plaintiffs") have asserted that this Court has subject matter jurisdiction over the Action "under 28 U.S.C. § 1332" because "[t]he parties are diverse and the amounts in dispute exceed $75,000." (ECF 17 ¶ 14.) The Court, *sua sponte*, twice ordered Plaintiffs to re-plead their complaint to "plead facts sufficient to establish that this Court has subject matter over this dispute". (ECF 13, 16.) As we have previously advised Plaintiffs' counsel, diversity jurisdiction is lacking because both Plaintiffs and Defendant Funk are New Jersey residents. Plaintiffs' counsel requested an affidavit from Mr. Funk evidencing the lack of diversity jurisdiction, and Mr. Funk complied by executing a declaration pursuant to 28 U.S.C. § 1746.

As Your Honor may recall, we previously highlighted this issue in our letter to the Court on March 11 in which we sought an extension of time for Mr. Funk to respond to Plaintiffs' second amended complaint (the "Complaint")—which request was granted—explaining that the extension was requested (1) to provide Plaintiffs with an opportunity to review and consider Mr. Funk's declaration demonstrating the lack of subject matter jurisdiction; and (2) to ensure that Mr. Funk's response deadline is the same as the other defendants in the Action. Plaintiffs have yet to challenge the veracity or the implications of Mr. Funk's declaration (nor could they). Nonetheless, Plaintiffs have not taken any corrective action, including dismissing Mr. Funk from this Action, or dismissing the Action altogether for lack of jurisdiction. Thus, it appears that the defendants will be forced to engage in costly motion practice to dismiss the Action for lack of jurisdiction, among other things.[1]

---

[1] For the avoidance of doubt, should we be forced to engage in motion practice, we intend to seek costs from Plaintiffs.

FOLEY
FOLEY & LARDNER LLP

The current deadline for all defendants to respond to Plaintiffs' Complaint is April 1, 2025. Given our expectation that this Action will be dismissed, we respectfully request that the Court adjourn the initial pretrial conference until after a decision is rendered on the anticipated motion(s) to dismiss. We believe that this adjournment is appropriate and advisable insofar as it would advance judicial economy by obviating the need for the Court (and the defendants) to devote time and resources on various matters that are, at best, premature, and more likely to be rendered entirely moot.

This is the first request for an adjournment of the initial pretrial conference. Plaintiffs' counsel, Mr. Lynn, consents to this request for a continuance of the pretrial conference, as does Mr. Minsker, counsel to Defendants Brian Sidman and Solar Fi Advisor LLC.

We thank the Court for its attention to this matter.

Respectfully submitted,

FOLEY & LARDNER LLP

*/s/ Christopher J. McNamara*

Christopher J. McNamara
Sara P. Madavo
Quinn D'Isa
90 Park Avenue
New York, NY 10016

cc: Counsel of Record